1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3
4

MATTHEW JOSEPH CUPP,

     Plaintiff(s),

5

v.

6
7

RICHARD BARON, et al.,

     Defendant(s).

Case No.: 2:20-cv-00285-JAD-NJK

**ORDER**

**[Docket No. 32]**

8

9      Pending before the Court is a Stipulated Protective Order, which the Court approved to
10 facilitate discovery in this case.  This order reminds counsel that there is a presumption of public
11 access to judicial files and records.  A party seeking to file a confidential document under seal
12 must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City*
13 *and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

14      The Court has adopted electronic filing procedures.  Attorneys must file documents under
15 seal using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the
16 Court under seal must be accompanied with a concurrently-filed motion for leave to file those
17 documents under seal.  *See* Local Rule IA 10-5(a).

18      The Court has approved the blanket protective order to facilitate discovery exchanges.  But
19 **there has been no showing, and the Court has not found, that any specific documents are**
20 **secret or confidential**.  The parties have not provided specific facts supported by declarations or
21 concrete examples to establish that a protective order is required to protect any specific trade secret
22 or other confidential information pursuant to Rule 26(c) or that disclosure would cause an
23 identifiable and significant harm.  The Ninth Circuit has held that there is a presumption of public
24 access to judicial files and records, and that parties seeking to maintain the confidentiality of
25 documents attached to nondispositive motions must show good cause exists to overcome the
26 presumption of public access.  *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the
27 secrecy of documents attached to dispositive motions must show compelling reasons sufficient to
28 overcome the presumption of public access.  *Id.* at 1180.  **All motions to seal must address the**

1 **applicable standard and explain why that standard has been met**.  The fact that a court has

2 entered a blanket stipulated protective order and that a party has designated a document as

3 confidential pursuant to that protective order does not, standing alone, establish sufficient grounds

4 to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th

5 Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

6       If the sole ground for a motion to seal is that the opposing party (or non-party) has

7 designated a document as confidential, the designator shall file (within seven days of the filing of

8 the motion to seal) either (1) a declaration establishing sufficient justification for sealing each

9 document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing.  If

10 neither filing is made, the Court may order the document(s) unsealed without further notice.

11       **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-

12 5, the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above,

13 with respect to any documents filed under seal.  To the extent any aspect of the stipulated protective

14 order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective

15 order is hereby superseded with this order.

16       IT IS SO ORDERED.

17       Dated: September 1, 2020

18  

19                        Nancy J. Koppe
                          United States Magistrate Judge

20

21

22

23

24

25

26

27

28