UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Joseph Cupp,<br><br>　　　Plaintiff<br><br>v.<br><br>Richard Baron et al.,<br><br>　　　Defendants | Case No.: 2:20-cv-00285-JAD-NJK<br><br>**Order Granting Motion to Transfer Venue and Denying Motion to Dismiss without Prejudice**<br><br>[ECF No. 9] |

　　　Joseph Cupp alleges that his friend Richard Baron (and his companies, Baron Brothers, Inc. and Baron Brothers Nursery, Inc.) defrauded him and breached their contract when Baron partnered with a different company to grow hemp, despite their earlier arrangement to cultivate hemp together.[1]  Baron argues that any contract he formed with Cupp was unenforceable, given hemp's hazy legality, and he moves to transfer this suit to California, where he resides and the other defendants operate, and where he would have performed his alleged contract with Cupp.[2]  I hold that venue was improperly laid in this district and, under 28 U.S.C. § 1406(a), transfer this suit to the United States District Court for the Central District of California.  I also deny the defendants' Federal Rule of Civil Procedure 12(b)(6) objections without prejudice.

## Background[3]

　　　This lawsuit stems from stymied plans for an industrial-hemp business.  Baron owns roughly 85 acres of farmland in Ventura County, California, where he resides.[4]  Despite Baron's

---

[1] ECF No. 3 (complaint).

[2] ECF No. 9 (motion to dismiss or transfer).

[3] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[4] ECF No. 3 at ¶¶ 2, 29.

loan agreement for the land, which disallowed marijuana cultivation, Baron and Cupp decided to grow and sell industrial hemp.[5] The parties negotiated primarily over email and telephone, but they also met in Las Vegas, where Cupp resides, to further iron out their plans.[6] Baron and Cupp incorporated Hemp Professionals, Inc. in Nevada, with Baron as president, Cupp as treasurer, and Shu Fang Dong as director.[7] After incorporating the business, Baron planted 50,000 hemp plants, Dong loaned Baron money,[8] and Baron and Cupp contacted investors, eventually connecting with a Canadian company, Investco Capital Management Inc.[9]

But Investco's involvement was not the match needed to spark up Hemp Professionals. After receiving $250,000 from Investco, Baron started a new company without Cupp, promising a 49% stake in that company to Investco.[10] Cupp and Dong, increasingly uneasy about their roles in the new company, traveled to California, where Baron repaid Dong and convinced them both to resign from Hemp Professionals.[11] In return, Baron promised to give them a stake in the new company with Investco.[12] Baron has yet to do so and Cupp fears that his share of the hemp business went up in smoke.[13]

Cupp sues Baron and his companies seeking declaratory relief and monetary damages for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and fraud

---

[5] *Id.* at ¶¶ 33.
[6] *Id.* at ¶¶ 37, 42–46.
[7] *Id.* at ¶¶ 62, 64.
[8] It is unclear how much money Dong loaned Baron: $15,000 or $30,000. *See id.* at ¶¶ 71, 100.
[9] *Id.* at ¶¶ 49, 53, 80, 83.
[10] *Id.* at ¶¶ 69, 86, 93, 97, 105.
[11] *Id.* at ¶¶ 98–100.
[12] *Id.*
[13] *Id.* at ¶ 108.

in the inducement, negligent misrepresentation, unjust enrichment, and quantum meruit, as well as a claim for promissory estoppel.[14] The defendants move to dismiss or transfer venue to a court in California.[15]

**Discussion**

Defendants move to dismiss this case under Rules 12(b)(1) and 12(b)(6) or, in the alternative, to transfer venue under 28 U.S.C. §§ 1406(a), 1404, or 1631. But the Baron parties do not actually present a subject-matter-jurisdiction objection, neither arguing that Cupp has failed to allege diversity nor federal-question jurisdiction.[16] Instead, they argue that Cupp's claims are precluded as a matter of law and that his fraud claims are insufficiently pled[17]—both of which are Rule 12(b)(6) challenges.[18] And the defendants do not object to or challenge this court's exercise of personal jurisdiction in tandem with their motion to transfer venue, despite being California residents and California-based businesses.[19] Putting aside these procedural

---

[14] *Id.* at ¶¶ 110–70.

[15] *See generally* ECF No. 9.

[16] Regardless, this court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

[17] ECF No. 9 at 9–13.

[18] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (reasoning that a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[19] *See generally* ECF No. 9. The Baron parties seem to dispute that they have waived a challenge to personal jurisdiction. In their reply, they argue that their motion to transfer is "based in part on the lack of personal jurisdiction" and request transfer "in the unlikely event that this Court finds that . . . [d]efendants are subject to the personal jurisdiction of this Court." ECF No. 16 at 12. But as they admit, they do not seek dismissal under Rule 12(b)(2) or challenge personal jurisdiction in their motion. *Id.* This court cannot raise that defense on their behalf and thus it is waived. *Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004) ("[I]t is well-recognized that personal jurisdiction—unlike subject-matter jurisdiction—may be waived."); *Benny v. Pipes*, 799 F.2d 489, 392 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

3

oddities, I hold that venue is improper in this district, grant the motion to transfer venue under 28 U.S.C. § 1406(a), and deny defendants' additional objections without prejudice.

28 U.S.C. § 1406(a) authorizes me to dismiss or transfer a case that has been brought in an improper venue to one "in which it could have been brought."[20]  Plaintiff bears the burden of showing that venue is proper[21] and the party moving to transfer must demonstrate that the case could have been brought in the proposed transferee district.[22]  Generally, a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."[23]  If neither of those two bases apply, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[24]  Both sides agree that the Baron entities hail from California, rendering venue in this district improper under § 1391(b)(1),[25] and instead focus on whether a substantial portion of events giving rise to Cupp's claims occurred in California or Nevada under § 1391(b)(2).

Cupp has failed to demonstrate that Nevada is the proper venue for this dispute. In response to the defendants' motion to transfer under § 1406(a), Cupp merely declares that

---

[20] 28 U.S.C. 1406(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer under § 1406(a) is within the district court's discretion).

[21] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[22] *See Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

[23] 28 U.S.C. § 1391(b)(1)–(2).

[24] *Id.* at § 1391(b)(3).

[25] *See* ECF No. 14 at 2, 14.

4

"venue in this case is proper" and "there is no want of jurisdiction."[26] But in response to defendant's arguments under § 1404, Cupp at least provides some reasons why this court should hear his dispute, arguing that the parties' initial plan was discussed in Nevada, he and Dong reside in Nevada, and the parties incorporated their business in Nevada.[27] I am unpersuaded. For tort claims, "the locus of the injury" is a relevant factor;[28] for contract claims, venue lies in "the place of intended performance."[29] Here, very little of the events giving rise to Cupp's claims occurred in Nevada. The relevant contract to this dispute is not the one involving Hemp Professionals but is instead Baron's allegedly fraudulent promise, which was made in California, to share the Investco profits with Cupp and Dong. And the farmland that seeded his dispute is in California. Finally, the removal of Cupp and Dong from the business occurred in California and California also appears to be the place of intended performance—the new business's principal place of operation is in California and each defendant resides or operates there.

For many of the same reasons, the Baron parties have sufficiently demonstrated that California is a suitable venue and that the interests of justice warrant transfer. Because the defendants reside in Ventura County, courts in California may exercise personal jurisdiction over them and the case could have been brought in the Central District of California.[30] And the Ninth

---

[26] *Id.* at 13.

[27] *Id.* at 14.

[28] *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001).

[29] *Decker Coal Co.*, 805 F.2d at 842.

[30] 28 U.S.C. § 1391(b)(1). "[T]he power of a District Court under [Section] 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("We agree with the Seventh Circuit that: 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have been brought.'").

Circuit favors the rule that venue should lie in the place of performance for breach-of-contract actions "because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued," and because "the place of performance is likely to have a close nexus to the underlying events."[31]  Here, there is no dispute that the contract would be performed in California, the defendants and their expected witnesses reside in California, and that the farmland is in California.  And while Cupp claims California is an inconvenient venue, "arguments based on convenience alone" are "more appropriate in a § 1404 change of venue motion."[32]  So I transfer this case to the United States District Court for the Central District of California under 28 U.S.C. § 1406(a).[33]

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss or, in the alternative, to transfer venue **[ECF No. 9] is GRANTED IN PART.**  The Clerk of the Court is instructed to TRANSFER this case to the United States District Court for the Central District of California and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
October 9, 2020

---

[31] *Decker Coal Co.*, 805 F.2d at 842.

[32] *Id.*

[33] Because I find that venue is improper in this court, I decline to consider the Baron parties' remaining Rule 12(b)(6) objections and deny them without prejudice.